Glenn R. Kantor - State Bar No.122643
   Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
DAVID RADMILOVICH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DAVID RADMILOVICH,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA ,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, David Radmilovich herein sets forth the allegations of his Complaint against Defendant UNUM Life Insurance Company of America ("UNUM") as follows:

**PRELIMINARY ALLEGATIONS**

1.      "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

benefit plan. Plaintiff seeks relief, including but not limited to payment of benefits, pre-judgment and post-judgment interest, and attorneys' fees and costs.

2.      Plaintiff was, at all times relevant, an employee of Prudential Overall Supply ("Prudential Supply") and a resident of California.

3.      Plaintiff is informed and believes that Defendant UNUM is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. UNUM is the insurer of benefits on Group Insurance Policy number 422840 issued to Prudential Supply ("the Policy").  Prudential Supply has its main offices in Orange County, California and was a subscriber to the Policy, for the benefit of its employees. As such, the Policy was issued and administered within this Judicial District. UNUM is doing business in the Southern Division of the Central District of California, in that it covers insureds working and residing in the Southern Division of the Central District. Plaintiff is further informed and believes that the Plan Administrator has appointed UNUM as a fiduciary for deciding claims for benefits under the plan, and for deciding any appeals of denied claims. UNUM administered the claim, interpreted Policy terms, and issued a claim denial, all while operating under a conflict of interest, and the bias this created adversely affected the claims determination.

4.      As a benefit of his employment, Plaintiff was provided group long-term disability ("LTD") insurance and group life insurance under the Policy.  The Policy is a part of an employee welfare benefit plan regulated by ERISA, in which Plaintiff was a participant, and pursuant to which Plaintiff is entitled to LTD and Life Waiver of Premium ("LWOP") insurance benefits. Pursuant to the terms and conditions of the Policy, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Policy and is further entitled to LWOP benefits for so long as Plaintiff remains disabled as required under the terms of the Policy.

5.      Plaintiff is informed and believes that the subject Policy was delivered to Prudential Supply in the County of Orange, State of California.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6.     Plaintiff is informed and believes that the subject Policy was issued or renewed on or after January 1, 2012.

7.     Plaintiff is informed and believes that the subject Policy has as annual January 1 anniversary dates.

8.     Defendant UNUM can be found in this judicial district and the Policy is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF

## AGAINST DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA

## FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION  OF

## RIGHTS, PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST,

## AND ATTORNEYS' FEES AND COSTS

## (29 U.S.C. § 1132(a)(1)(B))

9.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

10.     At all times relevant, Plaintiff was employed by Prudential Supply, and was a covered participant under the terms and conditions of the Policy. The Policy was insured by UNUM, and UNUM was also the claims administrator and made all decisions to pay or deny benefit claims.

11.     During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Policy. Specifically, while Plaintiff was covered under the Policy, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Policy.

12.     Pursuant to the terms of the Policy, Plaintiff made a claim to UNUM for LTD and LWOP benefits under the Policy.  Plaintiff claimed an entitlement for LTD and LWOP Benefits as a result of his disability effective September 25, 2018.   Plaintiff is informed and believes that UNUM identifies his LTD claim as claim number 16602880.   Plaintiff is informed and believes that UNUM identifies his LWOP claim as claim number 16637978.  Plaintiff is disabled from multiple medical

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

conditions relating to cardiovascular and cardiopulmonary issues, as well as cognitive deficits resulting from oxygen deprivation.  Plaintiff's LTD and LWOP benefits were originally approved.

13.    UNUM subsequently terminated Plaintiff's LTD benefits effective February 14, 2020, and terminated his LWOP benefits effective February 19, 2020.

14.    Plaintiff timely appealed the denial of his LTD benefits and his life waiver of premium benefits.

15.    On January 21, 2022, UNUM upheld its decision to deny Plaintiff's benefit claims.

16.    Defendant UNUM and the Plan breached the Policy and violated ERISA in the following respects:

(a)    Failing to pay LTD and LWOP benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policy, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, Defendant denied Plaintiff's LTD and LWOP benefits;

(b)    Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claims for LTD and LWOP benefits;

(c)    Failing to adequately describe to Plaintiff any material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d)    Concealing and withholding from Plaintiff the notice requirements Defendant was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

(e)    Failing to properly and adequately investigate the merits of Plaintiff's claim and failing to provide a full and fair review of Plaintiff's claim.

17.    Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his disability benefits under the Policy by other acts or omissions of which Plaintiff is

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1  presently unaware, but which may be discovered in this future litigation and which Plaintiff will

2  immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

3       18.    Following the denial of benefits under the LTD Plan, Plaintiff exhausted all

4  administrative remedies required under ERISA, and Plaintiff has performed all duties and

5  obligations on Plaintiff's part to be performed under the Policy.

6       19.    As a direct and proximate result of the aforementioned wrongful conduct of

7  Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time

8  of trial.

9       20.    As a further direct and proximate result of this improper determination regarding

10  Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs

11  and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by

12  Defendant.

13       21.    The wrongful conduct of Defendant has created uncertainty where none should exist.

14  Therefore, Plaintiff is entitled to enforce his rights under the terms of the Policy and to clarify his

15  right to future benefits under the terms of the Policy.

16                 **<u>REQUEST FOR RELIEF</u>**

17       WHEREFORE, Plaintiff prays for relief against Defendant as follows:

18       1.    Payment of disability benefits due Plaintiff;

19       2.    Reinstate of his Life Waiver of Premium benefits;

20       2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan,

21  with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to

22  continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the

23  Plan;

24       4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in

25  pursuing this action;

26       5.    Payment of pre-judgment and post-judgment interest as allowed for under ERISA;

27  and

28       6.    Such other and further relief as this Court deems just and proper.

1

2    DATED:  January 29, 2022                KANTOR & KANTOR, LLP

3

4                                            By:    */s/ Glenn R. Kantor*
                                                    Glenn R. Kantor
5                                                   Attorneys for Plaintiff
                                                    David Radmilovich
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6
COMPLAINT