ROBERT E. HESS (SBN CA 178042)
rhess@maynardcooper.com
MAYNARD COOPER & GALE LLP
10100 Santa Monica Blvd., Suite 550
Los Angeles, CA 90067
Telephone:  213-680-2800
Facsimile:   213-614-7399

Attorneys for Defendant
Unum Life Insurance Company of America;

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID RADMILOVICH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; AND DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 8:22-cv-00181-DOC-KES<br><br>(Honorable David O. Carter)<br><br>**DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  1/29/22 |

Defendant Unum Life Insurance Company of America ("Defendant" or "Unum") for itself and no others, in responses to the allegations of the Complaint ("Complaint") of Plaintiff David Radmilovich ("Plaintiff") on file herein, admits, denies, and alleges as follows:

1. Referring to the allegations of paragraph 1 of the Complaint, Defendant admits only that this case and Plaintiff's underlying claim for benefits are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, *et seq.* ("ERISA"), and that federal court jurisdiction is proper. The remaining allegations in this paragraph consist of Plaintiff's requested relief and can neither be admitted nor denied. To the extent a further response is required, the additional allegations are denied, and Defendant specifically denies that Plaintiff is entitled to any of the relief he seeks in this action.

2. Referring to the allegations of paragraph 2 of the Complaint, Defendant admits, based upon information and belief, that at certain relevant times, Plaintiff was an employee of Prudential Overall Supply and a resident of California. Except as so specifically admitted, Defendant denies the allegations in paragraph 2.

3. Referring to the allegations of paragraph 3 of the Complaint, Defendant admits that it is a corporation with its statutory home office in the State of Maine, and that it is authorized to engage in the business of insurance in the State of California. Defendant further admits that it issued to Prudential Overall Supply the subject group policies of disability and life insurance (the "Policies") that funded long-term disability ("LTD") and life waiver of premium ("LWOP") benefits under an employee welfare benefit plan established and maintained by Prudential Overall Supply (the "Plan"). Defendant alleges that the Plan documents, including the Policies, speak for themselves and are the best evidence of their terms and provisions. Except as so specifically admitted, Defendant denies the allegations in paragraph 3.

1  4. Referring to the allegations of paragraph 4 of the Complaint, Defendant admits that the Plan is an employee welfare benefit plan under ERISA which provides, among other benefits, LTD and LWOP benefits for the eligible participants. Defendant further admits that, for a certain period and as a benefit of his employment with Prudential Overall Supply, Plaintiff was a participant in the Plan. Defendant alleges that the Plan documents, including the Policies, speak for themselves and are the best evidence of their terms and provisions. Except as so specifically admitted, Defendant denies the allegations in paragraph 4.

5. Referring to the allegations of paragraph 5 of the Complaint, Defendant admits only that the Policies were issued to Prudential Overall Supply. Except as so specifically admitted, Defendant denies the allegations in paragraph 5.

6. Referring to the allegations of paragraph 6 of the Complaint, they are admitted.

7. Referring to the allegations of paragraph 7 of the Complaint, they are admitted.

8. Referring to the allegations of paragraph 8 of the Complaint, Defendant admits only that venue is proper in this judicial district. Except as so specifically admitted, Defendant denies the allegations in paragraph 8.

9. Referring to the allegations of paragraph 9 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10.     Referring to the allegations of paragraph 10 of the Complaint, Defendant admits that at certain relevant times Plaintiff was an employee of Prudential Overall Supply and was a participant in the Plan. Defendant further admits that it issued to Prudential Overall Supply the subject Policies in connection with the Plan. Defendant further admits that it is the claims administrator for LTD and LWOP claims under the Plan. Except as so specifically admitted, Defendant denies the allegations in paragraph 10.

11.     Referring to the allegations of paragraph 11 of the Complaint, Defendant admits that it issued certain LTD and LWOP benefits to Plaintiff under the Plan, for a limited period.  Except as so specifically admitted, Defendant denies the allegations in paragraph 11.

12.     Referring to the allegations of paragraph 12 of the Complaint, Defendant admits that Plaintiff submitted claims for LTD and LWOP benefits and that it issued certain LTD and LWOP benefits to Plaintiff under the Plan, for a limited period.  Defendant further admits that it assigned claim number 16637978 for the LWOP claim, and claim number 16602880 for the LTD claim. Except as so specifically admitted, Defendant denies the allegations in paragraph 12.

13.     Referring to the allegations of paragraph 13 of the Complaint, Defendant admits that it determined in February 2020 that Plaintiff was not entitled to LTD or LWOP benefits. Except as so specifically admitted, Defendant denies the allegations in paragraph 13.

14.     Referring to the allegations of paragraph 14 of the Complaint, they are admitted.

15.     Referring to the allegations of paragraph 15 of the Complaint, Defendant admits that in January 2021 it upheld its adverse determination on Plaintiff's LTD and LWOP claims following an administrative appeal. Except as so specifically admitted, Defendant denies the allegations in paragraph 15.

16. Referring to the allegations of paragraph 16 of the Complaint, including subparagraphs (a) through (e), they are denied.

17. Referring to the allegations of paragraph 17 of the Complaint, they are denied.

18. Referring to the allegations of paragraph 18 of the Complaint, Defendant admits that Plaintiff has exhausted his administrative remedies under the Plan with respect to his claims for LTD benefits (under the Policy's "Own Occupation" provision) and LWOP benefits. Except as so specifically admitted, Defendant denies the allegations in paragraph 18.

19. Referring to the allegations of paragraph 19 of the Complaint, they are denied.

20. Referring to the allegations of paragraph 20 of the Complaint, they are denied.

21. Referring to the allegations of paragraph 21 of the Complaint, they are denied.

## **RESPONSE TO REQUEST FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint and/or in the Request for Relief.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**
**(Failure to State a Claim for Relief)**

As a first, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

4
DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF'S COMPLAINT

## SECOND DEFENSE

### (Offsets)

As a second, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that to the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Policies, such recovery is subject to offsets under the terms of the Policies.

## THIRD DEFENSE

### (Failure to Exhaust)

As a third, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiff has failed to exhaust his administrative remedies with respect to a claim for long-term disability ("LTD") benefits beyond 24 months, as Plaintiff's claim was denied prior to the "Any Occupation" transition date and thus Unum has not yet evaluated Plaintiff's entitlement to LTD benefits under the Policy's "Any Occupation" definition of disability.

## FOURTH DEFENSE

### (Requirements for Attorneys' Fees Not Met)

As a fourth, separate defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiff's claim does not meet the requirements for recovery of additional benefits as set forth in *Hummell v. Rykoff*, 634 F.2d 446 (9th Cir. 1980); therefore, Plaintiff is not entitled to recovery of attorneys' fees against Defendant.

**Reservation of Defenses**

Defendant reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff be granted no relief in this action;
2. That judgment be entered against Plaintiff and in favor of Defendant;
3. For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authorities and/or agreement of the parties; and
4. For such other and further relief as this Court may deem just and proper.

DATED:  April 7, 2022                    MAYNARD COOPER & GALE LLP

                                         By:  */s/ Robert E. Hess*
                                              ROBERT E. HESS
                                              Attorneys for Defendant
                                              Unum Life Insurance Company of
                                              America;

# PROOF OF SERVICE

COUNTY OF SAN FRANCISCO    )

STATE OF CALIFORNIA         )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**

**[X] BY CM/ECF ELECTRONIC SERVICE**: The interested party set forth below are registered CM/ECF users with the Court, and have consented to service through the Court's automatic transmission of a notice of filing.

| | |
|---|---|
| Glenn R. Kantor (SBN 122643)<br>gkantor@kantorlaw.net<br>KANTOR & KANTOR, LLP<br>19839 Nordhoff Street<br>Northridge, California 91324<br>Phone: (818) 886-2525 \| Fax: (818) 350-6272 | Attorneys for Plaintiff<br>David Radmilovich |

    I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: April 7, 2022

_____
Brian Recinos